UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT L. DUNLAP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:11CV723 CDP |
| | ) |
| U.S. BANK, N.A., | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

I previously ordered plaintiff Robert Dunlap to show cause in writing no later than May 26, 2011 why I should not dismiss his removed petition for the reasons stated in defendant U.S. Bank, N.A.'s motion to dismiss. That date has come and passed, and Dunlap has failed to respond, and so I will dismiss his case for the reasons stated in the motion and for failure to prosecute under Rule 41(b), Fed. R. Civ. P.

Dunlap filed this breach-of-contract action on March 18, 2011 in the Circuit Court of St. Louis County, Missouri. In his petition, he asserts that U.S. Bank had previously given him a line of credit and had indicated that his account had sufficient funds, but then dishonored a check he drew on that line of credit in January of 2007 because of insufficient funds. U.S. Bank removed the case based on the diversity of citizenship and then moved to dismiss Dunlap's claims under

Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim for relief. According to U.S. Bank's motion, Dunlap's claims are time barred by the three-year statute of limitations set out in Article 4 of the Uniform Commercial Code, which governs disputes between banks and their customers over the payment or collection of checks written on deposit or credit accounts. *See* Mo. Ann. Stat. §§ 400.4-101 *et seq.* (codifying the UCC as Missouri law); *id.* § 400.4-402 (providing a cause of action under the UCC when a bank wrongfully dishonors a check); *id.* § 400.4-111 (actions to enforce an obligation under the UCC must be brought within three years after the cause of action accrues); *see also, e.g., Johnson Dev. Co. v. First Nat'l Bank of St. Louis*, 999 S.W.2d 314, 318 (Mo. Ct. App. 1999) ("[W]e have held that the UCC preempts the common law where the provisions of the UCC contradict the common law."). In particular, Dunlap alleges U.S. Bank wrongfully dishonored his check in January of 2007, but he failed to file this action until March of 2011.

When Dunlap failed to respond to this motion, I ordered him to show cause in writing by May 26, 2011 why I should not dismiss his case for reasons set out in the motion. Dunlap has failed to respond, and I agree that dismissal is appropriate for the reasons stated in the motion, as well as for Dunlap's failure to prosecute his case. *See* Fed. R. Civ. P. 41(b) (plaintiff's action subject to dismissal for failure to follow a court order); *see also Smith v. Gold Dust Casino*, 526 F.3d 402, 404 (8th

Cir. 2008) ("A district court may, in its discretion, dismiss an action pursuant to Fed. R. Civ. P. 41(b) if the plaintiff fails to prosecute or to comply with the Federal Rules or a court order.") (internal quotation marks, alterations, and citation omitted).

Accordingly,

**IT IS HEREBY ORDERED** that defendant U.S. Bank, N.A.'s motion to dismiss [#7] is granted, and plaintiff Robert Dunlap's removed petition is dismissed with prejudice.

A separate Judgment in accordance with this Memorandum and Opinion is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 1st day of June, 2011.